IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GERALD DAVIS, JR., Individually and on
Behalf of All Others Similarly Situated,

      Plaintiff,

vs.                                          Civ. No. 20-966 KG/JHR

STEWARD ENERGY II, LLC,

      Defendant.

## MEMORANDUM OPINION AND ORDER

Plaintiff, a Completions and Production Consultant, worked for Defendant from May

2018 through April 2020. Defendant is an oil and natural gas exploration and production

company. Plaintiff brings this collective action lawsuit to recover unpaid overtime wages and

other damages under the Fair Labor Standards Act (FLSA) and the New Mexico Minimum Wage

Act (NMMWA). Plaintiff claims that Defendant violated the FLSA and the NMMWA by

paying him and other similarly situated oilfield workers (Putative Class Members) "a daily rate

with no overtime pay and improperly classified them as independent contractors." (Doc. 1) at ¶

4.

On October 22, 2020, Defendant filed the instant "Defendant's Motion to Dismiss"

(Motion to Dismiss) under Fed. R. Civ. P. 12(b)(6) and moves to dismiss this lawsuit with

prejudice. (Doc. 6). The matter is now fully and timely briefed. *See* (Docs. 12, 13, and 14).

The Court notes jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1367. Having considered

the briefing, the Original Collective Action Complaint (Complaint), the controlling law, and for

the following reasons, the Court denies the Motion to Dismiss.

*I. The Complaint (Doc. 1)[1]*

Plaintiff alleges that he "worked exclusively for [Defendant] from May 2018 through April 2020 as a Completions and Production Consultant." (Doc. 1) at ¶ 23. Plaintiff's "primary job duties included ensuring that the completion of the well, and production following completion, was carried out according to [Defendant's] specifications and well plan, as needed." *Id.* at ¶ 24. Plaintiff contends that Defendant did not employ him "on a project-by-project basis." *Id.* at ¶ 45.

In addition, Plaintiff alleges that Defendant classified him as an independent contractor and paid him "a day-rate with no overtime compensation." *Id.* at ¶ 8. Plaintiff describes the day rate as a "flat amount" or "flat sum for each day worked, regardless of the number of hours that [he and Putative Class Members] worked that day (or in that workweek)...." *Id.* at ¶¶ 9 and 22.

Plaintiff also maintains that he "worked well in excess of 40 hours each week while employed by [Defendant]." *Id.* at ¶ 24. Indeed, Plaintiff asserts that he "regularly worked ... in excess of 40 hours each week." *Id.* at ¶ 2. For example, Plaintiff alleges that, similar to Putative Class Members, he was "often scheduled for 12-hour shifts for weeks at a time." *Id.* at ¶ 47. Moreover, Plaintiff alleges that Defendant "failed to pay [him] overtime for all hours that [he] worked in excess of 40 hours in a workweek...." *Id.* at ¶ 9.

Plaintiff contends that Defendant improperly classified him as an independent contractor. Given that improper classification, Plaintiff maintains that Defendant "violated the FLSA and

---

[1] This summary of the Complaint contains only allegations relevant to the Motion to Dismiss.

NMMWA by failing to pay [him] … overtime at one and one-half times the regular rate of pay under the hourly system, for hours worked in excess of 40 in a workweek."[2] *Id.* at ¶ 66.

## II. The Motion to Dismiss

Defendant argues that the Court should dismiss Plaintiff's FLSA and NMMWA claims under Rule 12(b)(6) for two reasons. First, Defendant argues that Plaintiff has failed to state a plausible FLSA overtime claim for individual relief. Second, Defendant argues that Plaintiff is not an "employee" covered by the NMMWA. Plaintiff opposes the Motion to Dismiss in its entirety but, in the alternative, he "seeks leave to amend his Complaint if the Court deems amendment necessary." (Doc. 12) at 9.

## III. The Rule 12(b)(6) Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Emps.' Ret. Sys. of R.I. v. Williams Cos., Inc.*, 889 F.3d 1153, 1161 (10th Cir. 2018) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Free Speech v. Fed. Election Comm'n*, 720 F.3d 788, 792 (10th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). In making this assessment, courts "accept as true 'all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff.'" *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1280 (10th Cir. 2013) (quoting *Kerber v.*

---

[2] The FLSA provides that "no employer shall employ any of his employees … for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). Similar to the FLSA, the NMMWA provides that "[a]n employee shall not be required to work more than forty hours in any week of seven days, unless the employee is paid one and one-half times the employee's regular hourly rate of pay for all hours worked in excess of forty hours." NMSA 1978, § 50-4-22(E) (2019).

*Qwest Grp. Life Ins. Plan*, 647 F.3d 950, 959 (10th Cir. 2011)).

*IV. Discussion*

    *A. Whether Plaintiff has Stated a Plausible FLSA Overtime Claim for Individual Relief*

    The Court notes that "the Tenth Circuit has yet to adopt a specific approach for determining the level of detail needed in an FLSA … claim to overcome a Rule 12(b)(6) motion." *Gandy v. RWLS, LLC*, 308 F. Supp. 3d 1220, 1223 (D.N.M. 2018). Defendant cites *Hall v. DIRECTV, LLC*, wherein the Fourth Circuit reviewed the divided case law addressing that issue. *Hall*, 846 F.3d 757, 776 (4th Cir. 2017).

    The Fourth Circuit in *Hall* adopted the following approach: "to make out a plausible overtime claim, a plaintiff must provide sufficient factual allegations to support a reasonable inference that he or she worked more than forty hours in at least one workweek and that his or her employer failed to pay the requisite overtime premium for those overtime hours." *Id.* at 777. Although "plaintiffs seeking to overcome a motion to dismiss must do more than merely allege that they regularly worked in excess of forty hours per week without receiving overtime pay," the Fourth Circuit acknowledged that the standard it adopted "does not require plaintiffs to identify a *particular* week in which they worked uncompensated overtime hours." *Id.* Consequently, the Fourth Circuit concluded that "to state a plausible FLSA overtime claim, plaintiffs 'must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week.'" *Id.* (citation omitted). "A plaintiff may meet this initial standard 'by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, *or any other facts* that will permit the court to find plausibility.'" *Id.* (citation omitted).

Relying primarily on *Hall*, Defendant complains that Plaintiff only vaguely alleges that he worked in excess of 40 hours a week and that Defendant "often" scheduled him to work 12-hour shifts. *See* (Doc.1) at ¶¶ 24 and 47. Defendant further complains that "Plaintiff fails to allege the general length of hours worked in any given week and fails to provide any indication of how many hours of overtime he was required to work in any given week." (Doc. 6) at 4. Finally, Defendant complains that Plaintiff does not "identify any sort of tasks he was required to perform during the alleged overtime hours." *Id.* Defendant asserts that "[e]ven under a more relaxed pleading standard, these allegations are insufficient to state a claim under the FLSA." *Id.*

Notwithstanding the non-binding standard set forth by the Fourth Circuit in *Hall* in 2017, this Court concluded recently that "[in] light of the persuasive authority from other district courts in the Tenth Circuit, the Court is convinced that a complaint need not specify either the dates on which the plaintiff worked over forty hours per week, or the number of hours worked over forty." *Guereca v. Cordero*, 487 F. Supp. 3d 1138, 1155 (D.N.M. 2020). As to any allegation about the frequency of unpaid overtime work, district courts in the Tenth Circuit have held that terms like "routinely" or "regularly" provide sufficient factual context to avoid a Rule 12(b)(6) dismissal. *See Florece v. Jose Pepper's Restaurants, LLC*, 2021 WL 722822, at *4 (D. Kan.) (observing that unpublished Tenth Circuit case, *ElHelbawy v. Pritzker*, 663 Fed. Appx. 658 (10th Cir. 2016), "suggests it would be sufficient for an FLSA plaintiff to allege that he or she was *regularly* required to work in excess of forty hours per workweek without proper payment") (emphasis added); *Guereca*, 487 F. Supp. 3d at 1155 (quoting from Kansas district court opinion: "Indeed, numerous courts continue to find that dismissal of FLSA claims is not appropriate when the complaint alleges only that non-exempt employees *regularly* worked more than 40 hours per workweek and that they were not paid time-and-a-half for those overtime hours" (citation

5

omitted) (emphasis added); *Thomas v. Pauls Valley Boomarang Diner, LLC*, 320 F. Supp. 3d 1253, 1260–61 (W.D. Okla. 2018) (finding allegation that plaintiff "*routinely worked*' in excess of 40 hours per week for the defendants without receiving any overtime compensation" sufficient under Rule 12(b)(6)); *Gandy*, 308 F. Supp. 3d 1225 (having considered FLSA caselaw, including *Hall*, district court found plausible overtime claim under the NMMWA when plaintiff used "*routinely*' or *'regularly,*' which is some detail beyond merely repeating the language of the statute") (emphasis added). Considering this persuasive and extensive caselaw by Tenth Circuit district courts, including this Court, the Court will follow that caselaw rather than *Hall* in discerning the standard for pleading an FLSA overtime claim.

Plaintiff alleges in his Complaint that he "worked well in excess of 40 hours each week while employed by" Defendant. (Doc. 1) at ¶ 24. Defendant employed Plaintiff from May 2018 through April 2020. *Id.* at ¶ 23. Plaintiff also alleges that Defendant "often" scheduled him "for 12-hour shifts for weeks at a time" and that he "regularly worked … in excess of 40 hours each week." *Id.* at ¶¶ 2 and 47. Moreover, Plaintiff alleges that Defendant "failed to pay [him] overtime for all hours that [he] worked in excess of 40 hours in a workweek…." *Id.* at ¶ 9.

Accepting the above allegations as true and viewing them in light most favorable to Plaintiff, and given the relaxed FLSA overtime pleading standard developed by this Court and other district courts throughout the Tenth Circuit, the Court reasonably infers from those allegations that Plaintiff worked more than 40 hours in a given week and that Defendant did not compensate Plaintiff for that overtime work. Hence, Plaintiff has pled a plausible individual overtime claim under the FLSA. The Court, therefore, denies Defendant's Rule 12(b)(6) motion to dismiss Plaintiff's individual FLSA overtime claim.

*B. Whether Plaintiff has Alleged Facts that Show He is an "Employee" Covered Under the NMMWA*

Under the NMMWA, an employer is required to pay an employee for overtime work. *See* NMSA 1978, § 50-4-22(E). An "'employee' includes an individual employed by an employer, but shall not include ... employees compensated upon piecework, flat rate schedules or commission basis...." NMSA 1978, § 50-4-21(C)(4) (2019). Notably, the NMMWA "does not define the terms 'piecework,' 'flat rate,' or 'commission,' nor has the New Mexico Supreme Court addressed what types of payment systems fall under these exempted categories." *Armijo v. FedEx Ground Package Sys., Inc.*, 405 F. Supp. 3d 1267, 1274 (D.N.M. 2019).

The Court observes that the employer "bears the burden of proving" an NMMWA exemption "and '[e]xemptions from the [NMMWA] are strictly and narrowly construed against employers.'" *Id.* (citations omitted). "Thus, an employer asserting an exemption defense must prove that the exemption 'unmistakably' includes the employee whom the employer claims to be exempt from the Act." *Id.*

Although Plaintiff claims Defendant paid him a "day rate," Defendant asserts that Plaintiff alleges it compensated him "for work done, regardless of the actual number of hours worked...." (Doc. 13) at 6. Defendant argues that such an allegation indicates "piecework" and/or "flat rate schedule" compensation, compensation systems exempting an individual from the NMMWA definition of "employee." Furthermore, Defendant notes that Plaintiff explicitly refers to a "flat amount" and "flat sum" in describing Defendant's compensation system. *See* (Doc. 1) at ¶¶ 9 and 22.

With respect to "piecework" compensation, the Court accepts the commonsense definition put forth in *Armijo v. FedEx Ground Package Sys., Inc.*, 405 F. Supp. 3d 1267 (D.N.M. 2019). After thoroughly reviewing cases from this District that addressed how to define

"piecework" compensation, the *Armijo* court held that "payments made 'per unit' and tethered to a specific job or item, as opposed to payments tethered to hours spent working, qualified as piecework payments." *Id.* at 1276; *see also* New Mexico Dept. of Workforce Solutions, *Investigations Manual Labor Relations Division* (Nov. 12, 2019) at 103 ("The terms 'piece rate' or piecework' refer to a set amount paid for each unit produced or task completed.").

To determine how to define a "flat rate schedule," the Court first turns to *Kerr v. K. Allred Oilfield Services, LLC*, a 2020 District of New Mexico case. *Kerr*, 2020 WL 5702809 (D.N.M.). In *Kerr*, the defendants, like Defendant in this case, argued "that Plaintiff fails to state a plausible claim to relief under the NMMWA because … the day rate Plaintiff allegedly received is the same as a flat rate schedule." *Id.* at *2. The *Kerr* court observed that "this District tends to treat NMMWA claims as viable even when plaintiffs allege they were paid a day rate." *Id.* Nonetheless, "the interpretive issue remains open in this District because no state or federal court has found a conclusive definition for 'flat rate schedule' under the NMMWA." *Id.* The *Kerr* court determined that "[g]iven the current interpretation of the NMMWA, Plaintiff has 'plead[ ] factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* at *3 (quoting *Iqbal*, 556 U.S. at 678). The *Kerr* court reasoned that "[h]ow courts currently treat the term 'flat rate schedule' allows Plaintiff to 'nudge [his] claims across the line from conceivable to plausible.'" *Id.* (citations omitted).

In an even more recent District of New Mexico case, *Martinez v. FedEx Ground Package Sys., Inc.*, the defendant, likewise, argued "that the 'day rate' Plaintiff received is the equivalent of a 'flat rate' and therefore the [NMMWA] does not apply to Plaintiff." *Martinez*, 2021 WL 1026732, at *3 (D.N.M.). Considering the lack of a definition for a "flat rate schedule" in the

NMMWA and in the caselaw, the *Martinez* court "look[ed] to other sources for guidance" on how to define a "flat rate schedule." *Id.* at *4.

To begin with, the *Martinez* court examined the federal Department of Labor's Wage and Hour Handbook. The Wage and Hour Handbook provides:

> Some auto service garages and car dealerships compensate mechanics and painters on the following basis: the painter or mechanic gets so much a flat rate hour for the work he or she performs.... Each job is assigned a certain number of hours for which the customer is charged, regardless of the actual time it takes to perform the job. The employee is given a certain proportion of that charge expressed in terms of so many dollars and cents per flat rate hour rather than in terms of a percentage of the charge to the customer. The dealer does not change the employee's share per flat rate hour if the charge to the customer is changed. In such situations the [agency] will not deny that such payments represent commissions on goods or services for purposes of section 7(i) ... [s]uch employment shall qualify for exemption under section 7(i) provided all other tests of the exemption are met.

*Id.* (quoting Wage and Hour Handbook, Section 21h04(d),

https://www.dol.gov/agencies/whd/field-operations-handbook/Chapter-21).

The *Martinez* court drew two conclusions from the Wage and Hour Handbook. First, the *Martinez* court concluded that although the flat rate "payment structure might be most common in the automobile industry, it could also be applied to other industries." *Id.* The *Martinez* court noted that the Department of Labor considers the "flat rate schedule" to be a commission which "could qualify for the commission ... exemption in the [NMMWA]." *Id.* Moreover, the *Martinez* court observed that "every case cited by Defendant that deals with the definition of 'flat rate schedule' under the [NMMWA] has either assumed, or explicitly held, that such systems are commission based—i.e., the payment is per job or per unit, rather than per time worked." *Id.*

Second, the *Martinez* court concluded from the Wage and Hour Handbook and the case law in this District that "the employee who is paid based on a flat rate hour does not receive a fixed day rate." *Id.* at *5. Instead, that "employee receives a percentage of the flat rate dollar assigned to a particular task," i.e., "the employee paid by 'flat rate' is paid according to the

number of flat rate hours assigned to a job where the job the employee performs might vary from day to day" and so would the pay the employee receives. *Id.* On the other hand, an employee who receives a "day rate" "gets the same pay every day, regardless of" the number of tasks completed. *Id.* The *Martinez* court summarized that no cases

> hold[] that a "flat rate schedule" can be measured per unit of time. A day rate is measured per day, regardless of how many tasks or jobs are assigned within that day, and therefore is different than the per-job or per-task-unit compensation systems held to be "flat rate schedules" in the cases and federal guidance discussed above.

*Id.*

Next, the *Martinez* court applied the canon of statutory interpretation known as *noscitur a sociis*. "The canon of *noscitur a sociis* says that the legislature is deemed to 'group[ ] ... words together in a list to invoke [a] common core of meaning.'" *Id.* (citation omitted). In applying *noscitur a sociis* to the NMMWA, the *Martinez* court found:

> It is undisputed that "piecework" and "commission basis" in § 50-4-21(C)(4) both refer to compensation systems that are unit or job based, not time based. The interpretation of "flat rate schedule" as being similarly job based thus gives all three terms the same general meaning. To interpret "flat rate" as a "day rate," on the other hand, would give the term nothing in common with its statutory neighbors.

*Id.*

The *Martinez* court also rejected the defendant's argument "that the dictionary definition of 'flat' means 'fixed,' and a flat rate is thus the equivalent of a fixed day rate." *Id.* at *6. The *Martinez* court noted that "the part of a flat rate schedule that is fixed is how much the employee receives based on the flat rate hours assigned to a particular job." *Id.* Put another way, "the employee gets a certain amount per hour assigned to the job multiplied by the number of hours assigned to the job, regardless of how long it actually takes the employee to complete the job." *Id.* "[W]hat job the employee performs from day to day is not" fixed. *Id.*

"Moreover, accepting the definition of 'flat rate schedule' Defendant advances would require the Court to disregard the New Mexico Supreme Court's mandate to strictly and narrowly construe exemptions to the [NMMWA] and to only apply an exemption when it unmistakably applies." *Id.* The *Martinez* court determined that "Defendant's interpretation threatens to create a broad exception, an exception so broad that it could swallow the rule." *Id.* "[I]t would be too easy for an employer to circumvent overtime regulations by paying an employee a fixed day rate, regardless of what amount of work awaits them when they arrive to work." *Id.* The *Martinez* court concluded that "[n]either the New Mexico state legislature nor its courts have given any indication that it would define 'flat rate schedule' as broadly as Defendant." *Id.*

Finally, the *Martinez* court rejected the defendant's attempt to distinguish the *Kerr* case. The *Martinez* court stated that "[t]he *Kerr* court did engage in a statutory interpretation of the [NMMWA] as a matter of law, and held that a day rate does not fall within the exception for 'flat rate schedules.' And based on its independent analysis in this case, the Court reaches the same conclusion here." *Id.* at *7. In sum, the *Martinez* court determined that "[w]hatever the precise definition of 'flat rate schedules' in § 50-4-21(C)(4), it does not encompass the concept of a fixed day rate that compensates an employee per unit of time worked, without respect to unit of work completed or a standardized estimate of payment per job." *Id.*

Consistent with the *Martinez* court finding that a "flat rate schedule" is job or task based, the New Mexico Department of Workforce Solutions states in a manual that "[u]nder a flat rate schedule compensation system, different tasks are assigned different labor hours based on estimates of how long a particular service or repair should take. That number is then multiplied by a 'flat rate' that is assigned to each employee based on certifications and experience." New

Mexico Dept. of Workforce Solutions, *Investigations Manual Labor Relations Division* (Nov. 12, 2019) at 105.

Here, Plaintiff alleges that Defendant did not pay him by the project. Rather, Plaintiff alleges that Defendant paid him a "day-rate." *See* (Doc. 1) at ¶ 23. Plaintiff explains in the Complaint that Defendant paid him a "flat amount" or "a flat sum for each day worked, regardless of the number of hours that [he] worked that day (or in that workweek)...." *Id.* at ¶¶ 9 and 22.

Accepting those allegations as true and viewing them in the light most favorable to Plaintiff, the Court reasonably infers from those allegations that Defendant paid Plaintiff a fixed day rate irrespective of the tasks Plaintiff was assigned. That compensation system is based on time: pay per day; it is not based on a completion of a specific job or task. Adopting and applying the well-reasoned principles developed in the *Armijo*, *Kerr*, and *Martinez* cases, the Court concludes that Plaintiff's alleged "day rate" compensation system is not a "piecework" or "flat rate schedule" compensation system. Consequently, Plaintiff's allegations demonstrate that he is an "employee" who is not exempt from receiving overtime payments under the NMMWA. Plaintiff, therefore, alleges a plausible NMMWA claim that is not subject to a Rule 12(b)(6) dismissal.

IT IS ORDERED that Defendant's Motion to Dismiss (Doc. 6) is denied.

UNITED STATES DISTRICT JUDGE